PARGOUD
vs.
AMBERSON'S
ADMINISTRATOR.    and, from a judgment rendered thereon, the plaintiffs
dant was quieted in his possession of the disputed premises;
appealed.

## PARGOUD *vs.* AMBERSON'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF OUACHITA.

Without positive evidence of an agreement to the contrary, the court will
not presume that a payment was imputable to a mortgage debt not due
at the time it was made, although it is the most onerous.

This is an action commenced by the plaintiff by filing an
opposition to the defendant's supplemental statement of
debts and account of the estate of G. Amberson, deceased,
which he administers.

The plaintiff alleges, that the defendant has improperly
placed a claim of six hundred dollars on his tableau, as due to
Jane Hughes and the heirs of B. T. Hughes, with a privilege
and mortgage, because it had been paid; that large sums

of money had been placed by the deceased, in his life time, in the hands of these claimants, to extinguish their claims against him, which should have been imputed to them as the most onerous ; and, if not done, creditors have the right to make such imputation.   He prays that said claim be dismissed and disallowed.

WESTERN DIST.
October, 1836.
―――
PARGOUD
vs.
AMBERSON'S
ADMINISTRATOR.

·The defendant pleaded a general denial, and averred, that the sum allowed to Hughes's heirs is correct, and supported by an act of sale of 2d May, 1832, with vendor's privilege and mortgage reserved.   He prays that his account be homologated.   Hughes's heirs intervened, and offered record and other evidence of their claim.   Parole evidence was produced ·by the plaintiff, to show payment of the claim set up by Hughes's heirs.   Faulk, a witness, says, that he loaned Amberson, in his life time, five hundred dollars, to pay the Hughes's claim.   That ·Hughes told him he had been paid this sum, and that Amberson's land was freed from his mortgage.   Snow, another witness, also saw Amberson pay Hughes some money.   Judge Wilson, also a witness, says, on consulting Mrs. Hughes, she said she had no claims against Amberson.   This was after Amberson's death.   From his conversation with Mrs. H., the impression was left on his mind that there existed no claim against Amberson's estate.

The defendant and Hughes's heirs, offered rebutting proof that their claim was not paid.   It appeared Amberson purchased a tract of land from Hughes, during both their life times, for two thousand dollars.   The act of sale acknowledged fourteen hundred dollars as paid in cash, and six hundred to be paid in one and two years, from 1832.   That Amberson had given Hughes a note for twelve hundred and fifty dollars, of a prior date· to this transaction, on which Hughes had instituted suit.   He had given credit for five hundred dollars paid on it, and prayed judgment for the balance.   The five hundred dollars spoken of by the witnesses, was accounted for as having been paid and imputed· to this note.

The judge of probates, after hearing the parties and evidence, sustained the opposition and disallowed the claim.

45

WESTERN DIST. From judgment rendered in the case, the claimants,
October, 1836. Hughes' heirs, appealed.

PARGOUD
*vs.*
AMBERSON'S
ADMINISTRATOR.

*Hyams*, for the plaintiff and appellee, contended that the opposition was fully sustained. The sale from Hughes was for two thousand dollars; fourteen hundred of which is acknowledged in the act to have been paid in cash, and proof is made by parole, of the balance.   4 *Martin, N. S.,* 212.   *Louisiana Code,* 2233–34, 2257.

2. The payment of five hundred dollars, which Hughes's heirs say was applied to a note of twelve hundred and fifty dollars, should have been applied to the mortgage claim. Imputation of payment must be made to the most onerous debt.   The receipt on that note cannot charge the debtor. *Louisiana Code,* 2245–46.

*M'Guire*, for the intervenors.

1. The demand and claim of the heirs of Hughes, is evidenced by a certified copy of the act of mortgage, and should be allowed.

2. There is no legal evidence in the record, to destroy the legal presumption and proof, resulting from the mortgage, that the debt still exists, and is unpaid.   All the opposite testimony is illegal, hearsay or irrelevant.

3. If the evidence of this claim should be considered doubtful, the case should be remanded, as the intervenors were never cited to contest it in the court below.   The contestation was entirely between the administrator and the plaintiff, who made the opposition to it.

*Bullard, J.*, delivered the opinion of the court.

The defendant having placed on the tableau Jane and T. I. Hughes, as hypothecary creditors of the estate, Pargoud, another creditor, made opposition, on the ground, that the debt claimed by the former, and secured by special mortgage on a tract of land, had been paid and extinguished. The opposition having been sustained by the court, the mortgagees appealed.

The sum of six hundred dollars claimed by the appellants, was due one half in March, 1833, and the balance in March, 1834, and bore an interest at eight per cent. They held at the same time the promissory note of the deceased, for twelve hundred and fifty dollars, which was due in 1832. The only evidence to show the extinguishment of the mortgage, consists of the statement of a witness, that five hundred dollars were paid, evidently, before the first instalment on the mortgage was due, and while the appellants were holders of the note ; and that one of the original obligees, of whom the appellants are the heirs, told him that the mortgage was released. This payment was evidently made in 1832, and appears to have been credited on the note for twelve hundred and fifty dollars. Without positive evidence of a contrary agreement, we cannot presume that the payment was imputable to the mortgage debt, which was not due at the time. No such agreement is shown ; and evidence of the loose confession of a deceased person ought to have very little or no effect, particularly when contrary to the rights of the parties, as shown by written evidence. In addition to this, it appears, that in a former proceeding in the same court between the same parties, the credit of five hundred dollars was allowed on the note. We are, therefore, of opinion, that the Court of Probates erred in sustaining the opposition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided, and reversed, the opposition rejected, and that the opposing creditor pay the costs in both courts.

WESTERN DIST.
October, 1836.

FARGOUD
vs.
AMBERSON'S
ADMINISTRATOR.

Without positive evidence of an agreement to the contrary, the court will not presume that a payment was imputable to a mortgage debt not due at the time it was made, although it is the most onerous.